PER CURIAM.
The one issue raised on appeal that has detained us is the question whether the lower *1162 court erred in refusing to permit appellant to reopen the defense case to offer testimony of Daniel McDonald. McDonald would have testified that Steven Ryan, one of the victims, had threatened him with a weapon in an incident that occurred in October or November 1988. Although this testimony is reminiscent of appellant’s version of events preceding the homicides of Steven and Deborah Ryan on November 8, 1990, the lower court decided to exclude the evidence because its principal effect was to show a propensity for violence on the part of Steven Ryan. It is clear that Brown was not aware of this incident with McDonald prior to the Ryans being killed by Brown. Weighing the dissimilai'ities as well as the similarities between the two incidents and given the court’s expressed concern about the potential for such evidence to confuse the jury, we cannot say the court abused its discretion in refusing to admit this evidence.
AFFIRMED.
COBB, GRIFFIN and THOMPSON, JJ., concur.